369 A.2d 780

**COMMONWEALTH of Pennsylvania**

v.

**William PAPE, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 17, 1975.

Decided Feb. 18, 1977.

2

Francis C. Sichko, Washington, for appellant.

Robert N. Clarke, Assistant District Attorney, Washington, Jess D. Costa, District Attorney, Bentleyville, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

4 

SPAETH, Judge:

██ On this direct appeal appellant raises a substantial issue regarding the competency of his trial counsel.[1] We therefore remand for an evidentiary hearing to determine whether appellant was denied his Sixth Amendment right to effective assistance of counsel at his trial.

Appellant was convicted by a jury on two counts of involuntary manslaughter. The charges arose out of the crash of an automobile on May 24, 1974, in Washington, Pennsylvania, in which two young passengers were killed. The crash ended a long night of drinking and marijuana smoking by appellant and other occupants of the automobile. Although appellant testified that one of the other survivors of the crash was driving, the Commonwealth introduced a substantial amount of evidence that appellant was the driver, and that he was driving recklessly. The Commonwealth's evidence included the testimony of the two surviving passengers and a witness who saw the automobile just before the crash. The Commonwealth also introduced an admission by appellant that he was the driver. The admission was made to a police officer while appellant was at a local hospital being treated for injuries he sustained in the crash. While appellant was being treated he gave permission for a blood sample to be taken from him. The result of a test of that blood sample, that appellant's blood contained .11 percent alcohol, was also introduced in evidence by the Commonwealth.

Appellant's argument is that his trial counsel was ineffective because he made no motion to suppress either appellant's admission or the results of the blood test. Appellant contends that this evidence should have been suppressed because he did not voluntarily and intelligently

1. As appellant's present counsel did not represent him at the time of his trial, the issue of trial counsel's ineffectiveness is properly before us. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

waive his Fourth Amendment right to decline to give a blood sample, *cf. Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), and his Fifth Amendment right to remain silent. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). He points to several facts in the record that he says would have supported suppression of the evidence had the proper motions been made.[2] These facts are as follows. At the time appellant was apprehended by the police officer he had somehow made his way from the scene of the crash to his home. He was found lying on a couch covered with blood and suffering from head injuries. The officer informed him of his *Miranda* rights at that time. Appellant's admission and his permission for a blood sample to be taken from him were given at the hospital, in unfamiliar surroundings, and separated in time and place from his *Miranda* warnings.

■■■■ The test to be applied by this court in reviewing the constitutional sufficiency of trial counsel's assistance is stated in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604–605, 235 A.2d 349, 352–353 (1967):

> . . . counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interest. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis.
> (footnote omitted)

2. We do not express an opinion on the truth of these alleged facts, nor can we, since no suppression hearing was held, and, therefore, no findings of fact were made.

Accordingly, it is not for us to decide whether counsel should have followed one course of trial strategy over another, if both were reasonable. Moreover, we will not fault trial counsel for failure to make every conceivable motion, before, during and after trial. *Commonwealth v. Hill*, 231 Pa.Super. 371, 331 A.2d 777 (1974). There may be a reasonable basis for counsel's failure to make a particular motion. If we find a reasonable basis, our inquiry will cease and we will find constitutionally effective assistance.

■ Here, however, the record does not disclose a reasonable basis for trial counsel's failure to move for suppression of appellant's admission and the results of the blood test. The admission effectively rebutted appellant's defense that he was only a passenger, and the results of the blood test were strong evidence that appellant was driving under the influence of alcohol, and corroborated the testimony that he was driving recklessly. Nor can we say that motions to suppress the evidence would not have been effective. Proof of appellant's physical and mental state at the time he made the admission and gave permission to have the blood sample taken from him might have shown that he did not voluntarily and intelligently waive his Fourth and Fifth Amendment rights. This is not to say that counsel's action could not have been reasonable; counsel may have had a reasonable basis for not filing any motions to suppress, which simply does not appear in the record.

In these circumstances the proper remedy is to vacate the sentence and remand for an evidentiary hearing on the issue of trial counsel's effectiveness. *Commonwealth v. Turner*, 469 Pa. 319, 365 A.2d 847 (1976); *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975). If the lower court finds that appellant was deprived of effective assistance of counsel, the court should grant appellant a new trial. If the court finds that counsel did

provide appellant constitutionally sufficient assistance, the sentence should be reinstated.

■ Appellant raises two other issues on this appeal. He argues that evidence that he had been charged with driving without a valid license was so prejudicial that the lower court should have granted him a new trial, instead of simply striking the evidence. He also argues that he should have been informed by the court, on the record, that he had a right to a non-jury trial, just as he was informed of his right to a jury trial. We do not reach the merits of either of these issues. Neither has been properly preserved through post-trial motions, nor is the failure to preserve them advanced as ground for the alleged ineffectiveness of trial counsel. They are therefore waived. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974).

Appellant's sentence is vacated and the case remanded for proceedings consistent with this opinion.

PRICE, J., concurs in the result.

WATKINS, President Judge, and VAN der VOORT, J., dissent.