380 A.2d 822

**COMMONWEALTH of Pennsylvania**

v.

**Jerry FALLINGS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 14, 1977.

Decided Dec. 2, 1977.

J. Richard Oare, Jr., Assistant Public Defender, York, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, and LeRoy S. Zimmerman, District Attorney, Harrisburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

JACOBS, Judge:

This appeal arises from Appellant Jerry Fallings' conviction, in a jury trial, of burglary, and from the denial of post trial motions for a new trial and in arrest of judgment. Appellant asserts that the trial court erred in refusing to grant a motion for continuance made at the time of trial and that his trial counsel was ineffective in that counsel failed to seek compulsory process to secure the attendance of a material witness at trial.[1] We reverse and remand for a new trial because we agree that appellant was denied effective assistance of counsel;[2] we need not, therefore, address the question of whether the continuance was improperly denied.

On the evening of January 7, 1975, Detectives Michael DeFrank and Henry Heisey of the Harrisburg Police Department, while on routine patrol, spotted a vehicle matching the description of a car seen leaving the scene of a robbery which had occurred a short time earlier. The officers pulled up beside the car at a red light and recognized appellant, for whom they had an arrest warrant issued in connection with a series of unrelated robberies, at the wheel. As they got out of their vehicle and made their way to appellant's automobile, appellant suddenly accelerated towards them, striking the police car and an oncoming vehicle before finally coming to rest against two parked cars. Detective Heisey fired at appellant, wounding him in the left shoulder. Appellant nevertheless managed to escape and

1. Appellant was acquitted in the same trial of charges of aggravated assault and failure to stop at the scene of an accident.

2. Since appellant's present counsel did not represent him at trial, the issue of trial counsel's ineffectiveness is properly before us. *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975); *Commonwealth v. Pape,* 246 Pa.Super. 1 n.1, 369 A.2d 780 n.1 (1977).

was not apprehended until the next day. A passenger in appellant's car, Nathaniel Sutton, was arrested at the scene and a battery charger, engine analyzer and a quantity of homemade wine were found in the back seat. These items were later reported stolen from a nearby service station.

Nathaniel Sutton pleaded guilty to the burglary on March 6, 1975, and was placed on immediate parole on the condition that he leave the Commonwealth and return to North Carolina. Appellant Fallings pleaded not guilty and his trial was set for June 2, 1975; it was continued to June 20, 1975, because of a crowded court schedule. Prior to the original trial date, appellant's trial counsel made several attempts to secure Sutton's presence at trial by mailing a registered letter to him, which was never answered, and by telephoning various of Sutton's friends. Trial counsel never caused a subpoena to be issued or served in order to ensure Sutton's presence at trial.

Although appellant's trial counsel had heard that Sutton had appeared at the Dauphin County Court House on June 2nd—the original trial date—he made one further unsuccessful effort to guarantee that the witness would be present on June 20th. On June 4, 1975, he filed a petition to set bail for a material witness [3] which was denied following a hearing. At trial on June 20, 1975, when Sutton failed to appear, trial counsel advanced an oral motion for continuance which was also denied.

Appellant contends that his trial counsel's failure to cause a subpoena to be served upon Sutton denied him his constitutionally guaranteed right to effective assistance of counsel. [4] We agree. In evaluating the effectiveness of trial

3. Pennsylvania Rule of Criminal Procedure 4017 provides that, "[A]n issuing authority may, *upon application of the attorney for the Commonwealth,* demand bail of any material witness . . .." Pa.R.Crim.P. 4017(a). (Emphasis added.) Defense counsel's efforts to employ this procedure were clearly misguided. He originally sought to base the petition on the Act of March 31, 1860, P.L. 427, § 56, 19 P.S. § 651, which had been suspended by Pa.R.Crim.P. 4018(j) as being inconsistent with Rule 4017.

4. U.S.Const. amend VI; Pa.Const. art. I, § 9.

counsel, we are guided by the standards set forth in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967), in which the Supreme Court of Pennsylvania stated:

"[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." *Id.* 427 Pa. at 604, 235 A.2d at 352 (emphasis in original).

The Supreme Court applied these standards in *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975), in a context very similar to that with which we are faced. In *Twiggs,* trial counsel mailed a letter to a potential witness requesting his presence at trial and, on two occasions, dispatched investigators to locate him. Counsel made no attempt to subpoena the witness, however. When the witness failed to appear at trial, counsel requested only a short continuance and did not request that the witness' testimony from a prior-trial in the same case be read to the jury. Since it was unclear from the record why Twiggs' trial counsel had failed to subpoena the desired witness, the Court vacated the judgment and remanded for an evidentiary hearing. *Commonwealth v. Twiggs,* supra 460 Pa. at 111, 331 A.2d at 443.

The Court went on to explain, however, that if counsel's decision not to secure the presence of the witness "was based on a reassessment of its worth and a conclusion that it was of little or no value in the posture of [the] case, then that decision clearly had some reasonable basis designed to effectuate [his client's] interests." *Commonwealth v. Twiggs,* supra 460 Pa. at 110, 331 A.2d at 443. If, on the other hand, counsel's failure to seek compulsory process was "the result of sloth or lack of awareness of available alternatives, then

his assistance was ineffective." *Id.* 460 Pa. at 111, 331 A.2d at 443.

In the instant case it is clear that appellant's trial counsel did not base his "decision" not to seek compulsory process on a reevaluation of the desirability of securing Sutton's presence at trial. The record discloses that at the time of trial on June 20, 1975, counsel sought a continuance to permit him to locate this witness, whose testimony he considered vital. He did not have the option of reading to the jury Sutton's testimony at appellant's preliminary hearing because those proceedings were not stenographically recorded.[5] Whatever weight the jury may have accorded Sutton's expected exoneration of appellant,[6] trial counsel had certainly not concluded that the testimony would be of little or no value to appellant.

Trial counsel's failure to cause a subpoena to be issued and served upon Sutton was rather the product of a lack of awareness of available alternatives. Counsel attempted to secure Sutton's attendance at trial by mailing him a "subpoena" by registered mail.[7] However, "[n]o individual . . . has the power to *issue* subpoenas without express statutory authority; this power is solely a judicial one in the absence of statute." *In re January, 1974 Special Grand Jury,* 238 Pa.Super. 479, 483 n.4, 357 A.2d 628, 631 n.4 (1976) (emphasis in original). Counsel also filed a Petition to

---

5. The trial judge did permit defense counsel to read from the transcript of Sutton's guilty plea hearing held on March 26, 1975. The few statements made by Sutton at that hearing, however, did not refer to appellant's guilt or innocence. *See* N.T. at 155–56.

6. The testimony which the defense expected Sutton to give was that appellant had no knowledge of the actual burglary and that Sutton had given him five dollars to drive him to Fourth and Maclay Streets in Harrisburg and wait for him. *See* N.T. at 20. Appellant's trial counsel stated that Sutton had exonerated appellant at the preliminary hearing and that he would call an intern from his office, who had taken notes at the hearing, to confirm this. This witness was never called, however. *See* N.T. at 149.

7. The trial judge characterized the "subpoena" as "an invitation to appear by mail." N.T. at 5. This "invitation" had no legal or compulsory effect.

Set Bail for a Material Witness on June 4, 1975, but this procedure is available only to the Commonwealth.[8] Neither of these procedures is a viable alternative in seeking to secure the attendance of a *defense* witness at trial; neither course of action had any "reasonable basis designed to effectuate [appellant's] interests." *Commonwealth v. Twiggs,* 460 Pa. 105, 110, 331 A.2d 440, 443 (1975).

Although there was some doubt as to whether Sutton was in Harrisburg or in North Carolina subsequent to June 2, 1975, trial counsel could have sought compulsory process to ensure his presence at trial in either case. If he was within the Commonwealth, counsel could have obtained a writ of subpoena from the court[9] and had it served by the sheriff. If Sutton had complied with the terms of his parole and returned to North Carolina, appellant's trial counsel could have invoked the Uniform Act to Secure the Attendance of Witnesses from Within or Without a State in Criminal Proceedings.[10] This Act, which North Carolina has adopted,[11] provides a speedy and effective procedure to summon witnesses living in another state. *U. S. ex rel. Drew v. Myers,* 3 Cir., 327 F.2d 174 (1964), *cert. denied* 379 U.S. 847, 85 S.Ct. 88, 13 L.Ed.2d 52 (1965). It is a procedure which is equally available to the defense and to the Commonwealth. *Cf., State v. Smith,* 87 N.J.Super. 98, 208 A.2d 171 (1965).

"Where the record clearly indicates that there could have been no reasonable basis for the damaging decision or omission by trial counsel, then of course the judgment must be vacated and appropriate relief, such as . . . the order-

---

**8.** *See* note 3, supra.

**9.** The Act of June 16, 1836, P.L. 784, § 22, 17 P.S. § 2079 empowers any court of common pleas of the Commonwealth to issue writs of subpoena to bring before it "any person to give testimony in any cause or matter . . .." Similar provisions of the Act of March 31, 1860, P.L. 427, § 32, 17 P.S. § 361, empower the courts of quarter sessions to do likewise.

**10.** Act of June 23, 1941, P.L. 147, § 1, 19 P.S. § 622.1 *et seq.*

**11.** G.S. §§ 15A–811 to 15A–816, effective March 17, 1937.

ing of a new trial, granted." *Commonwealth v. Turner,* 469 Pa. 319, 324, 365 A.2d 847, 849 (1976); *cf. Commonwealth v. Hubbard,* 472 Pa. 259, 265, 372 A.2d 687, 689 (1977).

Accordingly, we reverse the judgment of sentence and remand for a new trial.

PRICE, J., concurs in the result.