389 A.2d 1107

COMMONWEALTH of Pennsylvania

v.

John WEBER, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 31, 1977.

Decided July 12, 1978.

George B. Ditter, Assistant Public Defender, Norristown, for appellant.

Ross Weiss, First Assistant District Attorney, and William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in denying his Rule 1100(f) application, Pa.R.Crim.P.; 19 P.S. Appendix.[1] In the alternative, appellant argues that his trial

1. "Rule 1100 is a rule of criminal procedure designed to implement and protect a defendant's constitutional right to a speedy trial." *Commonwealth v. Myrick,* 468 Pa. 155, 161, 360 A.2d 598, 600 (1976). The instant case is governed by Rule 1100(a)(2) which provides: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed." Rule 1100(f) provides:

"At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such

counsel was ineffective in failing to file a timely Rule 1100(f) application. We agree with the latter contention and, for the reasons which follow, order appellant discharged.[2]

On February 11, 1976, Philadelphia police arrested appellant and his brother[3] for various violations of the Vehicle Code.[4] As a result of an investigation by the police departments of Philadelphia and Lower Merion Township, Montgomery County, a complaint against appellant was filed on February 11, 1976, in Montgomery County. The complaint charged appellant with burglary,[5] theft,[6] receiving stolen property,[7] and conspiracy.[8]

On August 9, 1976, the 180th day following the filing of the complaint, the Commonwealth filed an application to extend the time for the commencement of trial pursuant to Rule 1100(c).[9] Following a hearing on August 19, 1976, the

application shall dismiss the charges with prejudice and discharge the defendant."

2. Because of our disposition of this contention, it unnecessary to consider appellant's argument that the lower court erroneously denied appellant's motion to suppress.

3. Appellant's brother, a co-defendant below, is not a party to this appeal.

4. The Vehicle Code, Act of April 29, 1959, P.L. 58, § 101; 75 P.S. § 101 et seq. The Vehicle Code had been amended and renumbered since the date of the incident giving rise to the instant appeal. Act of June 17, 1976, P.L. 162, No. 81, § 1, eff. July 1, 1977; 75 Pa.C.S. § 101 et seq.

5. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 3701.

6. The Crimes Code, supra; 18 Pa.C.S. § 3921.

7. The Crimes Code, supra; 18 Pa.C.S. § 3925.

8. The Crimes Code, supra; 18 Pa.C.S. § 903.

9. Rule 1100(c) provides: "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall

lower court granted an extension until October 15, 1976.[10] On November 29, 1976, the parties and the court agreed to proceed the next morning with pre-trial motions and trial. On November 30, 1976, the lower court conducted a suppression hearing. Following the court's denial of the suppression motion, appellant's trial counsel made an oral motion pursuant to Rule 1100(f) to dismiss the charges against appellant. The lower court denied the motion and then proceeded to conduct a jury trial waiver colloquy. Trial commenced after the court accepted the waiver.

On December 1, 1976, the court found appellant guilty of burglary, theft, and conspiracy. On December 6, 1976, the court sentenced appellant to concurrent terms of imprisonment for not less than six nor more than 23 months. This appeal followed.

■ Appellant contends that the lower court erroneously denied his application to dismiss the charges against him pursuant to Rule 1100(f). The Commonwealth responds that by failing to file the application to dismiss prior to the commencement of trial, appellant forfeited his right to a speedy trial under Rule 1100. The first question we must confront, therefore, is the timeliness of appellant's assertion

be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

10. According to the opinion of the lower court, trial was listed for June 15, 1976, but a heavy docket and judicial vacation schedule prevented the case from being called to trial until August 5, 1976. At that time, appellant failed to appear and the lower court issued a bench warrant for his arrest. On August 10, 1976, when appellant appeared with counsel, the lower court granted appellant's request that the warrant be withdrawn. At the same time, according to the lower court, trial counsel orally requested a continuance which the lower court granted orally from the bench. The court set trial for September 7, 1976, well within the period of the Rule 1100(c) extension. The record does not contain any verification of the foregoing occurrences as stated by the lower court; nor has our prothonotary been successful in discovering any documentation of these events. However, even were we to assume that the chronology as stated in the lower court's opinion is wholly accurate, it would not affect our disposition in the instant case.

of his Rule 1100 rights. Rule 1100(f) limits the time within which a defendant may apply for an order dismissing the charges against him to "any time before trial." The appellate courts of Pennsylvania have often referred to the explanatory comments to Rule 1100(f) to aid in the interpretation of that portion of the Rule. *Commonwealth v. Lamonna,* 473 Pa. 248, 373 A.2d 1355 (1977) (Concurring Opinion by EAGEN, C. J.); *Commonwealth v. Perkins,* 473 Pa. 116, 373 A.2d 1076 (1977); *Commonwealth v. Byrd,* 250 Pa.Super. 250, 378 A.2d 921 (1977); *Commonwealth v. Wharton,* 250 Pa.Super. 25, 378 A.2d 434 (1977). The Comment provides:

"It is not intended that preliminary calendar calls should constitute commencement of a trial. A trial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire, or to opening argument, *or to the hearing of any motions which had been reserved for the time of trial,* or to the taking of testimony or to some other such first step in the trial." (Emphasis added).

In the instant case, the motion court ordered the rule to show cause pursuant to appellant's motion to suppress returnable at the time of trial before the trial judge. According to Rule 1100, this order effectively reserved consideration of the motion for time of trial. Further, actual trial commenced within minutes of the suppression hearing. Therefore, for purposes of Rule 1100(f), we conclude that trial commenced at the outset of the suppression hearing on November 30, 1976. *But see Commonwealth v. Byrd,* supra (Concurring Opinion by HOFFMAN, J.). Because appellant's trial counsel did not interpose his Rule 1100(f) claim until the close of the suppression hearing, we conclude that appellant waived his Rule 1100 claim by failing to raise it in a timely fashion.

In anticipation of our conclusion as to the foregoing issue, appellant alternatively contends that if trial counsel failed to preserve appellant's Rule 1100 right, then appel-

lant's right to effective assistance of counsel was violated.[11] In evaluating a claim of ineffective assistance of counsel, we must be guided by the standard articulated by our Supreme Court in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604–605, 235 A.2d 349, 352 (1967): "Counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon

11. "Ineffectiveness of prior counsel must be raised as an issue at the earliest stage in the proceedings at which counsel whose effectiveness is being challenged no longer represents the defendant." *Commonwealth v. Hubbard,* 472 Pa. 259, 277, 372 A.2d 687, 695, n. 6 (1977). Because appellant's present counsel did not represent him at trial, the issue of trial counsel's ineffectiveness has been raised in a timely fashion. See *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975); *Commonwealth v. Pape,* 246 Pa.Super. 1, 369 A.2d 780 (1977).

We note that appellant's trial and appellate counsels are both members of the Montgomery County Public Defender's Office. In *Commonwealth v. Via,* 455 Pa. 373, 316 A.2d 895 (1974), our Supreme Court stated that the law will not assume that counsel had zealously ferreted out the inadequacies of his colleague's representation. Therefore, the Court remanded the case for the appointment of new counsel not associated with the counsel whose ineffectiveness was being challenged. See also *Commonwealth v. Crowther,* 241 Pa.Super. 446, 361 A.2d 861 (1976). In *Commonwealth v. Pfaff,* 477 Pa. 461, 384 A.2d 1179 (1978), appellant's counsel on appeal argued the ineffectiveness not only of trial counsel, but also his own ineffectiveness. The Supreme Court held: "As stated in *Commonwealth v. Fox,* 476 Pa. 475, 383 A.2d 199 (1978), reversal of the judgment of sentence and remand for new trial is the proper remedy where counsel alleges his or her own ineffectiveness and it is apparent from the record before us that counsel's stewardship of the case did not meet the standards required by this Court. When the ineffectiveness of counsel is apparent from the record it would be a waste of judicial time not to decide the underlying issue when presented to us." Supra, 477 Pa. at 466, 384 A.2d at 1181. If the holding in *Pfaff* applies to counsel's assertion of his own ineffectiveness, then surely, it must control the instant case in which counsel is challenging the effectiveness of his colleague. Moreover, because the ineffectiveness of trial counsel is evident from the record, we believe, as in *Pfaff,* that no justifiable purpose would be served in remanding the case for the

as it is determined that trial counsel's decisions had any reasonable basis." (emphasis in original). In *Commonwealth v. Hubbard,* 472 Pa. 259, 278, 372 A.2d 687, 696 (1977), the Supreme Court, in delineating the process by which we assess an ineffectiveness claim stated, "It is only when the claim which was foregone was of arguable merit that we must make an inquiry into [whether there was a reasonable] basis for . . . counsel's decision not to pursue the matter. . . . [O]nce we conclude that the omitted contention is of arguable merit, our inquiry into the substance of the claim ceases and shifts to an analysis of . . . counsel's basis for decision." *See also, Commonwealth v. Fultz,* 478 Pa. 207, 386 A.2d 513 (1978) (Concurring Opinion by POMEROY, J.). In *Commonwealth v. Turner,* 469 Pa. 319, 324, 365 A.2d 847, 849 (1976), the Supreme Court addressed the scope of the inquiry into the basis for counsel's decision: "Where the record on appeal clearly shows that there could have been no reasonable basis for a damaging decision or omission by trial counsel, then of course the judgment must be vacated and appropriate relief, such as allowing the filing of post trial motions or the ordering of a new trial, granted. Where on the other hand, it is impossible to tell from the record whether or not the action of trial counsel could have had a rational basis, the appellate court will vacate the judgment, at least for the time being, and remand for an evidentiary hearing at which trial counsel may state his reasons for having chosen the course of action taken." (footnotes omitted).

■ We must now determine whether, according to the procedure outlined in *Hubbard,* appellant's Rule 1100 claim was arguable meritorious. As previously noted, the criminal complaint against appellant was filed on February 11, 1976. Thus, the Commonwealth had 180 days or until August 9, 1976, to bring appellant to trial. Trial did not commence, however, until November 30, 1976, 111 days beyond the expiration of the 180 day period. In *Commonwealth v.*

appointment of new counsel not associated with the Montgomery County Public Defender's Office.

*Shelton,* 469 Pa. 8, 14, 364 A.2d 694, 697 (1976), the Supreme Court reiterated: "[A]ll of the delay beyond the . . . mandatory period ' . . . must be either excluded from the computation [of the period, Pa.R.Crim.P. 1100(d)] [12] or justified by an order granting an extension pursuant to the terms of the rule [Pa.R.Crim.P. 1100(c)] if the Commonwealth is to prevail." In *Commonwealth v. O'Shea,* 465 Pa. 491, 498, 350 A.2d 872, 875 (1976), the Supreme Court held that "the period or date specified in the order [granting the Commonwealth's Rule 1100(c) application to extend the time for the commencement of trial] becomes the time limitation within which trial must commence. Any further extension necessary must be sought pursuant to Section (c) prior to the expiration of the period for commencement of trial, that is, prior to the expiration of the period provided *for in the* extension, or excluded from the computation of elapsed time pursuant to Section (d)." *See also Commonwealth v. Shelton,* supra; *Commonwealth v. Woods,* 461 Pa. 225, 336 A.2d 273 (1975).

In the instant case, the record shows that on August 19, 1976, the lower court granted the Commonwealth's Rule 1100(c) petition and extended the time for trial until October 15, 1976. The Commonwealth neither sought any further extensions nor argued below or to our Court that certain periods of time should be excluded from the computation of the mandatory period pursuant to Rule 1100(d). [13] Conse-

12. Rule 1100(d) provides:
   "In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any state of the proceedings as results from:
   (1) the unavailability of the defendant or his attorney;
   (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded."

13. The Commonwealth relies upon a continuance allegedly stipulated to by defense counsel on November 16, 1976, 31 days after the expiration of the Commonwealth's Rule 1100(c) extension. The Commonwealth contends that the continuance is evidence of a waiver of appellant's Rule 1100 rights. We reject this contention. In the instant case, the alleged stipulation is not contained in the record. However, even if we were to assume, arguendo, that appellant's counsel effectively waived his client's Rule 1100 rights, we would

quently, because trial commenced on November 30, 1976, 45 days beyond the expiration of the period provided for in the extension, we conclude that appellant's claim that his Rule 1100 rights were violated is meritorious.

At this juncture, were it unclear from the record whether counsel's inaction had a rational basis, we would remand for an evidentiary hearing to determine "whether counsel's decision had some reasonable basis designed to effectuate his client's interests." *Commonwealth v. Twiggs,* 460 Pa. 105, 111, 331 A.2d 440, 443 (1975), quoting *Commonwealth ex rel. Washington v. Maroney,* supra at 604, 235 A.2d at 352. In the instant case, however, it is manifestly clear that there could be no reasonable basis for trial counsel's inaction. Therefore, a remand would serve no purpose. *Commonwealth v. Turner,* supra, 469 Pa. at 319, 365 A.2d at 847; *Commonwealth v. Fallings,* 251 Pa.Super. 365, 380 A.2d 822 (1977). In a virtually identical context, our Court, in *Commonwealth v. Byrd,* supra at 256, 378 A.2d at 924 stated: "We can perceive no reasonable legal basis for an attorney to fail to object to a violation of his client's right to speedy trial under Pa.R.Crim.P. 1100. See *Commonwealth v. Bunch,* 466 Pa. 22, 351 A.2d 284 (1976) (dissenting opinion by Roberts, J.). If appellant's trial counsel has filed a timely petition to dismiss, the appellant would have been entitled to discharge." Consequently, our Court vacated the judgment of sentence and ordered appellant discharged. Likewise, in the instant case, we conclude, without the need for an evidentiary remand, that trial counsel was ineffective in not acting in a timely fashion to vindicate appellant's Rule 1100 rights. Accordingly, we vacate the judgment of sentence and order appellant discharged.

hold that in the instant case, because the alleged waiver occurred well beyond the expiration of the mandatory period, appellant waived only the period of time from the date the continuance was granted until the date of trial. *Commonwealth v. Webb,* 254 Pa.Super. 429, 386 A.2d 25 (1978) (Opinion in Support of Reversal by HOFFMAN, J.). *See also Commonwealth v. Coleman,* 477 Pa. 400, 383 A.2d 1268 (1978). Hence, because the time for commencement of trial had already passed, this prospective waiver would not affect the merits of appellant's Rule 1100 claim.

Judgment of sentence vacated and appellant ordered discharged.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

PRICE, Judge, dissenting:

In his opinion, it is not so apparent from the record before us that trial counsel was ineffective. In this regard, he relies upon the opinion of the court below. He would, therefore, remand for an evidentiary hearing to determine the effective assistance of counsel in regard to the Pa.R. Crim.P. 1100 issue.

VAN der VOORT, J., joins the dissent by PRICE, J.