393 A.2d 999

**COMMONWEALTH of Pennsylvania**

v.

**Charles DUNCAN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 15, 1978.

Decided Nov. 3, 1978.

---

Marilyn C. Zilli, Assistant Public Defender, Harrisburg, for appellant.

Richard A. Lewis, Chief Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

CERCONE, Judge:

Appellant was convicted by a jury on September 21, 1976 of possession with intent to manufacture or deliver a controlled substance, conspiracy, and carrying a firearm without a license. Post-verdict motions were argued and denied. Appellant was sentenced to a term of not less than six nor more than fifteen years.

Appellant is represented by new counsel on appeal and he alleges that trial counsel was ineffective. When ineffective assistance of counsel is asserted, an independent review of the record must take place. Counsel's assistance is deemed constitutionally effective once it appears that counsel's course of action or inaction had some reasonable basis designed to effectuate his client's interest. See *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1977).

Appellant directs our attention to several unexplained omissions on trial counsel's part. Appellant points out that his counsel failed to move for the suppression of evidence (narcotics and a gun) taken from appellant's car, notwithstanding the fact that the information the searching officers had regarding appellant's possession of narcotics placed the narcotics in his apartment, not in his car. As appellant was apprehended on his way to his car, it is

difficult to see how the search can be justified as being incident to his arrest. Furthermore, appellant argues that counsel also failed to object to the Commonwealth's presentation of testimony relating to prior drug dealings by appellant. These omissions raise a serious question as to counsel's effectiveness. As we do not know whether they had a reasonable basis, we will vacate the judgment of sentence and remand for an evidentiary hearing to determine whether appellant was denied the effective assistance of counsel. *Commonwealth v. Pape*, 246 Pa.Super. 1, 369 A.2d 780 (1977). If he was, a new trial shall be granted. If counsel's assistance was effective, the judgment of sentence shall be reinstated.

Judgment of sentence vacated and case remanded for further proceedings consistent with this opinion.

SPAETH, J., files a dissenting statement, in which HESTER, J., joins.

HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting.

I should grant appellant a new trial.

HESTER, J., joins in this dissenting statement.