420 A.2d 567

**COMMONWEALTH of Pennsylvania**

v.

**Terry C. MOTT, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed May 30, 1980.

Burton A. Rose, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and EAGEN, JJ.*

BROSKY, Judge:

Appellant, Terry C. Mott, was convicted of rape following a non–jury trial on May 17, 1976. Post–verdict motions were filed by new counsel for appellant, who raised, inter alia, the ineffectiveness of trial counsel for having failed to petition the trial court for dismissal of the charge under Pa.R.Crim.P. 1100.

Post–verdict motions were denied and appellant was sentenced to a term of imprisonment of two to ten years. On appeal, we vacated the judgment of sentence and remanded for an evidentiary hearing to determine whether appellant had been denied the effective assistance of counsel. Following a hearing on April 27, 1978, the trial court concluded that since Rule 1100 had not been violated, a petition to dismiss would have been successful. Accordingly, it found trial counsel not to be ineffective. On October 23, 1978, judgment of sentence was reimposed and this appeal followed.

■ The record discloses that the complaint was filed and an arrest warrant obtained on November 13, 1975. Trial commenced on May 17, 1976. Thus, 186 days elapsed between the filing of the complaint and commencement of trial. Since no extension of time was sought by the Commonwealth pursuant to Rule 1100(c), it was required to establish, by a preponderance of the evidence, that six days should be excluded pursuant to Rule 1100(d). See *Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977); *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977). On remand, the trial court concluded that the Commonwealth

---

\* Chief Justice MICHAEL J. EAGEN of the Pennsylvania Supreme Court is sitting by designation.

had satisfied its burden and denied appellant relief. We agree and, therefore, affirm.

The trial court excluded one day pursuant to Rule 100(d)(2) as a result of the court's granting a 31-day continuance to appellant from February 6, 1976 to March 8, 1976. It further excluded three days under subsection (d)(1) because it found the police had, despite the exercise of due diligence, been unable to apprehend appellant until his surrender on November 16, 1975, thus rendering him unavailable for the period from November 13 to November 16.[1]

A review of the record discloses efforts by the police to locate appellant included visits to his residence on November 13 and 14, 1975; advising appellant's mother that he was sought by the police; providing appellant's description to officers in the vicinities of appellant's apartment and the scene of the crime; and, placing appellant's description over the police teletype and radio. In light of these attempts, we cannot agree with appellant's contention that the police's failure to make additional efforts–including visits to appellant's apartment on November 15 and 16–demonstrates a lack of due diligence. To require the effort proposed by appellant would be to extend the burden of due diligence to unreasonable lengths.

The exclusion of these four days from the 186 day period between the filing of the complaint and commencement of trial thus extended the allowable period of Rule 1100 to Saturday, May 15, 1976. Since trial commenced the following Monday, May 17, 1976, the Rule was not violated. *Commonwealth v. Jones*, 473 Pa. 211, 373 A.2d 1338 (1977).

■ In reviewing a claim of ineffective assistance of counsel, we are bound to determine whether a particular course

1. November 13, 1976 is not to be included in the calculation of the Rule 1100 time period since it was the date on which the complaint was filed. 1 Pa.C.S.A. Section 1908. Instead, November 14, 1976–approximately 3:00 a. m. thereon, to be precise–represents completion of the first day for Rule 1100 purposes. Thus, although appellant surrendered on the afternoon of November 16, 1975, we agree with the lower court's determination that Mott was unavailable for three days.

chosen by counsel had some reasonable basis designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Since it is only in those circumstances where the claim foregone was of arguable merit that we must inquire into the basis for counsel's decision not to pursue the matter. Accordingly, the initial consideration in applying such a standard is whether there existed a reasonable basis for not pursuing the claim. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

██ Instantly, since we find no violation of Rule 1100, trial counsel cannot be deemed ineffective for his failure to petition to dismiss.

Judgment of sentence affirmed.

EAGEN, J., files a dissenting opinion.

EAGEN, Judge, dissenting:

I respectfully dissent.

Appellant, Terry Mott, was convicted of rape on May 17, 1976 following a nonjury trial. New counsel entered his appearance for post–verdict motions and raised *inter alia*, the issue of trial counsel's ineffectiveness for failing to petition for dismissal of the charge under Pa.R.Crim.P. 1100 (Rule 1100). Post–verdict motions were denied, and, on October 13, 1976, Mott was sentenced to a prison term of two to ten years. On appeal to this court in February 1978, we vacated the judgment of sentence and remanded for an evidentiary hearing on the question of trial counsel's effective assistance. After a hearing on April 27, 1978, trial counsel's assistance was found not to be ineffective because Rule 1100 had not been violated and a petition to dismiss for a violation of the Rule would have been unsuccessful. On October 23, 1978, judgment of sentence was reimposed. This appeal followed.

Section (a)(2) of Rule 1100 requires that trial in a criminal case commence no later than one hundred eighty days after the filing of the complaint. To avoid dismissal, any delay

beyond the mandatory period must either be excluded from the computation of the period pursuant to section (d) of Rule 1100, or justified by an order granting an extension pursuant to section (c) of Rule 1100. *Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977); *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976). Calculation of the running of the one–hundred–eighty–day period is made in accordance with 1 Pa.C.S.A. § 1908 which mandates exclusion of the first day and inclusion of the last. See *Commonwealth v. Wade*, supra, 475 Pa. at 402 n. 2, 380 A.2d at 783 n. 2.

The criminal complaint against Mott was filed November 13, 1975 (excluded), and trial commenced on May 17, 1976 (included). Thus, one hundred eighty–six days lapsed between the filing of the complaint and commencement of trial. The Commonwealth did not seek an extension under section (c) of Rule 1100. Hence, it was obliged to establish, by a preponderance of the evidence, that six days should be excluded pursuant to section (d) of Rule 1100. See *Commonwealth v. Wade*, supra; *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977). The court, on remand, found that the Commonwealth had met this burden of proof. I disagree.

The hearing court determined that three days were excludable under section (d)(1) of Rule 1100 because the police had been unable to apprehend Mott, after exercising due diligence, between the filing of the complaint on November 13, 1975 and his surrender on November 16, 1975, thus rendering him unavailable during that period. The court also excluded one day under section (d)(2) due to the granting of a thirty–one–day continuance to the defense from February 6, 1976 to March 8, 1976. It was then determined that, since these four days extended the period of the Rule to May 15, 1976, a Saturday, and trial commenced on May 17, 1976, the following Monday, Rule 1100 was not violated due to the decision in *Commonwealth v. Jones*, 473 Pa. 211, 373 A.2d 1338 (1977) (where the period of Rule 1100 ends on a weekend and the trial commences the following Monday, the Rule is not violated).

However, even accepting the lower court's findings that one day is excludable due to a continuance of thirty one days and that the police were unable to apprehend Mott despite their due diligence between the filing of the complaint on November 13, 1975 and his surrender on November 16, 1975, I cannot agree appellant was brought to trial within the one hundred eighty days required by the Rule. The hearing court excluded three days after finding Mott unavailable between November 13, 1975 and his surrender on November 16, 1976. Yet, Mott was not unavailable on November 16, the day of his surrender and cannot be considered unavailable for the purposes of section (d) of Rule 1100 on November 13 since this was the date on which the complaint was filed, and computation of the one–hundred–eighty–day period of Rule 1100 did not begin until November 14, the following day. 1 Pa.C.S.A. § 1908. Thus, his availability on the 13th is irrelevant because the 13th is not within the calculated period of the Rule. This leaves only two days, November 14 and November 15, excludable due to Mott's unavailability. Combining these days with the one day excludable due to a continuance of thirty one days only extends the period to May 14, 1976, a Friday, and trial commenced on the 17th. Therefore, Mott was not brought to trial within the period required by Rule 1100.

Where, as in the instant case, a violation of an appellant's speedy trial right was apparent on the record and counsel failed to petition for dismissal, a majority of this court has determined that an evidentiary remand is unnecessary since counsel could have no reasonable basis for his inaction and was, therefore, ineffective. *Commonwealth v. Weber*, 256 Pa.Super. 249, 389 A.2d 1107 (1978); *Commonwealth v. Byrd*, 250 Pa.Super. 250, 278 A.2d 921 (1977). Cf. *Commonwealth v. Hairston*, 256 Pa.Super. 153, 389 A.2d 647 (1978). In such cases, the judgment of sentence has been vacated and appellant ordered discharged. See *Commonwealth v. Lane*, 265 Pa.Super. 35, 401 A.2d 787 (1979); *Commonwealth v. McNeal*, 261 Pa.Super. 332, 396 A.2d 424 (1978); *Commonwealth v. Weber*, supra. Accordingly, I would do so now.