## Commonwealth ex rel. Margiotti, Appellant, *v.* Orsini.

Argued March 26, 1951; reargued May 23, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL and LADNER, JJ.

*Harry F. Stambaugh,* Special Counsel, with him *W. Denning Stewart,* Special Deputy Attorney General and *Robert E. Woodside, Jr.,* Attorney General, for appellant.

*Premo J. Columbus,* for appellees.

OPINION BY MR. JUSTICE BELL, June 27, 1951:

The Attorney General of Pennsylvania superseded the District Attorney of Allegheny County in the investigation of alleged widespread criminal activities in that County and in the direction and control of a grand jury investigation of alleged violations of the law by public officials and public employees. The supersession of the District Attorney by the Attorney General in that particular matter was sustained by this Court in *Margiotti Appeal,* 365 Pa. 330, 75 A. 2d 465.

The Attorney General issued a subpoena to John Orsini and Clifford Price under the provisions of *Section 520* of The Administrative Code of April 9, 1929, P. L. 177, 71 P.S. §200. The subpoena commanded each respondent to appear at a *hearing* before the Attorney General in the Keystone Building, Fourth Avenue, Pittsburgh, to testify all that the respondent knows

*"affecting an investigation*\* by the said Attorney General concerning criminal acts of public officials and public employees arising out of violations of a public trust in the City of Pittsburgh or the County of Allegheny."* Price ignored the subpoena and did not appear; Orsini appeared but, on advice of counsel, refused to be sworn or to answer questions.

The Attorney General then filed a petition in the Court of Common Pleas praying for a rule upon each respondent to show cause why he should not comply with the subpoena and in the event of his failure to comply with the order of the court, why he should not be adjudged in contempt of court. The Court of Common Pleas granted a rule upon each respondent to show cause why he should not comply with the subpoena; and *the court,* after argument, *entered an order discharging the rule.* From this order the Attorney General took this appeal.

Respondent's first contention is that he could not be subpoenaed to testify before the Attorney General because he had previously testified concerning the same matter before a grand jury. On the meagre facts averred, admitted or denied in this record, that would be no defense. The Attorney General is given, under The Administrative Code, the power *"to investigate any violations, or alleged violations, of the laws of the Commonwealth"; and his common law and statutory investigatorial powers are supplementary to those of the grand jury.* His investigation might well disclose other criminal offenses than the one or more criminal offenses which the grand jury was investigating: Cf. *Penfield Co. v. Securities & Exchange Commission,* 330 U.S. 585, 67 S. Ct. 918. The authority of the Attorney General to investigate criminal acts is clearly set forth in *Com. ex rel. Minerd v. Margiotti,* 325 Pa. 17, 188 A.

---

\* Italics throughout, ours.

524; *Dauphin County Grand Jury Investigation Proceedings (No. 1)*, 332 Pa. 289, 2 A. 2d 783; *Margiotti Appeal*, 365 Pa. 330, 75 A. 2d 465. In *Com. ex rel. Minerd v. Margiotti*, 325 Pa. 17, supra, Mr. Justice SCHAFFER said (pages 30, 31) : "We conclude from the review of decided cases and historical and other authorities that the Attorney General of Pennsylvania is clothed with the powers and attributes which enveloped Attorneys General at common law, including the right to *investigate criminal acts,* to institute proceedings in the several counties of the Commonwealth, to sign indictments, to appear before the grand jury and submit testimony, to appear in court and to try criminal cases on the Commonwealth's behalf, and, in any and all these activities to supersede and set aside the district attorney when in the Attorney General's judgment such action may be necessary." In *Margiotti Appeal,* 365 Pa. 330, supra, this Court quoted with approval the following language from the opinion of *Dauphin County Grand Jury Investigation Proceedings (No. 1),* 332 Pa. 289, supra, (page 298) : "But the Attorney General, with his vast powers, recognized by this Court in Commonwealth ex rel. v. Margiotti, 325 Pa. 17, *may supplement and supervise the grand jury in any investigation;* he may,—and it is his duty to do so if he believes the government is to be hindered in the lawful conduct of its affairs to the detriment of the security, peace and good order of the State,—*supersede the District Attorney in the conduct of the entire investigation . . .* We therefore conclude that the *Attorney General's investigatorial* powers may *be supplementary to* or merged with *those of the grand jury, . . .*"

The practical advantages of interviewing witnesses, discovering what the witness knows and whether it is relevant and important, correlating evidence, and sifting the wheat from the chaff is so advantageous to the Commonwealth, the grand jury and the witnesses them-

selves that the wisdom of such a procedure must be evident to every experienced attorney. *However, neither an attorney general, nor a district attorney whom he supersedes, has any common law power of subpoena*: Cf. *Amey v. Long,* 9 East. 473. *The power of subpoena, except by a court, is purely statutory.*

The law is well settled that the power of subpoena which formerly was exclusively a judicial power, may now be granted to nonjudicial bodies, commissions, agencies or officials *by statute, but the power and the extent of the power is to be determined in each case by the express statutory grant.* Cf. *Annenberg v. Roberts,* 333 Pa. 203, 2 A. 2d 612; *Federal Power Commission v. Metropolitan Edison Co.,* 304 U. S. 375, 58 S. Ct. 963; *Jones v. Securities & Exchange Commission,* 298 U.S. 1, 56 S. Ct. 654; *Harriman v. Interstate Commerce Commission,* 211 U.S. 407, 29 S. Ct. 115; *Interstate Commerce Commission v. Brimson,* 154 U.S. 447, 14 S. Ct. 1125; *In re Pacific Railway Commission,* 32 Fed. 241; 39 Harvard Law Review, p. 694.

What is the statutory authority on which the Attorney General relies? *Section 704* of The Administrative Code of April 9, 1929, 71 P. S. §244, provides: "The Attorney General shall be the legal advisor of the Governor, in the performance of his official duties, and the chief law officer of the Commonwealth. He shall exercise such powers and perform such duties as may now or hereafter be vested in or imposed upon him by the Constitution and laws of this Commonwealth". *Section 904* of The Administrative Code provides: "The Department of Justice shall have the power, and its duty shall be, with the approval of the Governor: (a) *To investigate* any violations, or alleged violations, of the laws of the Commonwealth which may come to its notice; (b) To take such steps, and adopt such means, as may be reasonably necessary to enforce the laws of the Commonwealth".

*Section 520* of The Administrative Code provides: *"Every administrative department,* every independent administrative board and commission, every departmental administrative board and commission, every advisory board and commission, and the several workmen's compensation referees, *shall have the power to issue subpoenas,* requiring the attendance of witnesses and the production of books and papers pertinent to *any hearing* before such department, board, commission, or officer, and to examine such witnesses, books, and papers."

The Attorney General filed his petition under *Section 520* and seeks to justify his right of subpoena under Section 904 or Section 520 of the Code or both. The difference, so far as this case is concerned, is obvious from a mere reading of the two sections. *Section 904* authorizes the Attorney General to *investigate* any alleged violations of the laws of the Commonwealth and to take such steps, and adopt such means, as may be reasonably necessary to enforce the laws. But it does not specifically or impliedly give the Attorney General the very important and powerful (and to citizens onerous) right to issue a subpoena, which right, as noted above, he does not possess except when (and to the extent) granted by statute. *Section 520* of The Administrative Code does, however, specifically give every administrative department—which certainly includes the Department of Justice—"the power to issue subpoenas, requiring the attendance of witnesses . . . *pertinent to any hearing* before such department" and the authority to examine such witnesses. It is clear, we believe, that the right of subpoena was limited to a right to subpoena a witness to appear (and produce books and papers) *at a hearing.*

While it is difficult to define the term "hearing before a department" within the meaning of this Act, it is apparent that an "investigation" and a "hearing"

are not synonymous but distinctly and fundamentally different. The term "hearing" when applied to a hearing before an administrative body, commission or officer, does not necessarily have the same meaning as does the word when applied to the Courts. In *Norwegian Nitrogen Co. v. U. S.*, 288 U.S. 294, 53 S. Ct. 350, where the word "investigation" and the word "hearing" were used several times in the tariff act under consideration, Mr. Justice CARDOZO said (page 317) : "We are not unmindful of cases in which the word 'hearing' as applied to administrative proceedings has been thought to have a broader meaning. *All depends upon the context.* . . . The answer will not be found in definitions of a hearing lifted from their setting and then applied to new conditions. . . . there must be recourse to all the aids available in the process of construction, to history and analogy and practice as well as to the dictionary. . . ." The language of numerous (Federal decisions* and) Pennsylvania statutes demonstrates that the legislature recognizes that this distinction exists. Apt illustrations may be found (a) in the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, §10(a), 43 P.S. §211.10, where the power of subpoena is given for the purpose of all *hearings and investigations*; (b) under the Act of June 17, 1915, P. L. 1012, §1(f), as amended, 7 P.S. 754(c), where the Secretary of Banking is authorized to sign subpoenas in connection with the *investigation* of the business and affairs of banks; (c) under the Workmen's Compensation Act of July 21, 1919, P. L. 1077, 77 P.S. §132, which gives, in Section 20, each member of the Board and each referee the power to issue sub-

---

* *Bowles, Adm'r., v. Baer*, 142 F. 2d 787; *Genecov v. Federal Petroleum Board*, 146 F. 2d 596; *In re Securities and Exchange Commission*, 84 F. 2d 316; *Woolley v. United States*, 97 F. 2d 258, 262.

poenas *pertinent to any hearing* in any matter before the Board or such referee; and (d) under the Public Utility Law of May 28, 1937, P. L. 1053, art. X, §1009, 66 P.S. §1399, which gives the Commission power to subpoena witnesses and compel the production of records as it may deem necessary or proper in or pertinent to any proceeding, *investigation or hearing.*

*We therefore hold that an Attorney General, in pursuance of his investigation of alleged violations of law, has neither common law nor constitutional nor statutory power to issue a subpoena;* that the only power of subpoena he possesses is that which is or may be given to him by an Act of the Legislature; and that his authority to issue a subpoena under The Administrative Code is limited and restricted to *hearings* before the Department of Justice and *does not extend to his investigations* of alleged law violations.

While the briefs and oral arguments of both appellant and appellees covered a wide range of subjects, in the light of our construction of the power of subpoena given to the Attorney General by The Administrative Code, it is unnecessary to discuss or decide any of the important constitutional questions or other matters so earnestly presented by the parties.

Order affirmed.

––––––––

CONCURRING OPINION BY MR. JUSTICE JONES:

I concur in the result. For a searching and well-considered criticism of the decision in *Margiotti Appeal,* 365 Pa. 330, 75 A. 2d 465, see Temple Law Quarterly, Vol. 24, p. 445 et seq.

Mr. Justice LADNER joins in this concurrence.