493 A.2d 767

**Jill R. COHEN, Esquire**

v.

**Gustine J. PELAGATTI, Esquire, Nabcor and Frank Maiorana.**

**Appeal of Gustine J. PELAGATTI, Esquire.**

Superior Court of Pennsylvania.

Argued Nov. 29, 1984.

Filed May 31, 1985.

628

Stephen W. Bruccoleri, Philadelphia, for appellant.

Jonathan Wheeler, Philadelphia, for appellee.

Before WIEAND, BECK and CERCONE, JJ.

WIEAND, Judge:

This appeal seeks to determine whether a trial court can properly issue a preliminary injunction prohibiting the use of subpoenas to compel ex parte productions of scholastic and other records of a non-litigant for examination by an attorney and his client. We conclude that in this case the issuance of the preliminary injunction was based on reasonable grounds and affirm.

■ "[O]n an appeal from the grant or denial of a preliminary injunction, we do not inquire into the merits of the controversy, but only examine the record to determine if there were any apparently reasonable grounds for the action of the court below. Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied will we interfere

with the decision of the [trial court]." *Mazzie v. Commonwealth*, 495 Pa. 128, 133, 432 A.2d 985, 988 (1981), quoting *Roberts v. Board of Directors of School District of Scranton*, 462 Pa. 464, 469, 341 A.2d 475, 478 (1975). See also: *Singzon v. Commonwealth, Department of Public Welfare*, 496 Pa. 8, 10–11, 436 A.2d 125, 126–127 (1981); *Bell v. Thornburgh*, 491 Pa. 263, 267–268, 420 A.2d 443, 445 (1980). A preliminary injunction, however, should be granted only where the rights of the plaintiff are clear, the need for relief is immediate, and the injury irreparable. *South Fayette Township v. Commonwealth*, 477 Pa. 574, 580, 385 A.2d 344, 347 (1978); *Zebra v. Pittsburgh School District*, 449 Pa. 432, 437, 296 A.2d 748, 750 (1972); *Alpha Tau Omega Fraternity v. University of Pennsylvania*, 318 Pa.Super. 293, 301, 464 A.2d 1349, 1353–1354 (1983).

Jill Cohen, Esquire, was law clerk to the Honorable Bernard Snyder during the period in which Judge Snyder presided over the non-jury trial of a case in which NABCOR and Frank Maiorana sought to recover damages against Philadelphia National Bank (PNB). The plaintiffs in that action were represented by Gustine J. Pelagatti, Esquire, who was successful in recovering a verdict for them in the amount of 8.7 million dollars. During the period of Jill Cohen's clerkship, Judge Snyder had also presided at a trial in which James R. Edgehill alleged that he had been libeled by Philadelphia Magazine. In the Edgehill action, a petition for the recusal of Judge Snyder was filed by Philadelphia Magazine, and Jill Cohen was named as a witness. Although she was not permitted to testify, an offer of proof was made and included an accusation of improper conduct on the part of the trial judge. The offer of proof also contained references to alleged improprieties during the NABCOR trial.

At the time when this offer of proof became known publicly via the news media, post-trial motions had already been filed in the NABCOR action and were then awaiting disposition. Counsel for PNB suggested to Pelagatti that he was considering the use of Jill Cohen's testimony as a

basis on which to attack NABCOR's verdict against PNB. Pelagatti thereupon caused subpoenas to be issued ex parte to various educational institutions, including Enfield Middle School, Springfield Township Board of Education, Franklin and Marshall College, Temple University and the Delaware Law School, for the production of Jill Cohen's scholastic records. Pelagatti also suggested that Jill Cohen had a record of psychiatric disorders and attempted to use a subpoena to obtain records from Fairmount Farms. It appears, however, that those records did not pertain in any way to the present appellee.

Jill Cohen, who is the present appellee, commenced an action in equity to enjoin the further issuance of subpoenas for her records and also to prevent the dissemination of information already obtained. The subpoenas which appellant Pelagatti used had been issued under the caption of the NABCOR action. They had been obtained from the Philadelphia prothonotary in the form required by 42 Pa.C.S. § 5905 and Pa.R.C.P. 1357 but had been altered. Pelagatti, who referred to the subpoenas as "record copy subpoenas," had removed language directing the person served to appear in court for purposes of testifying and, instead, had inserted language instructing the person served to deliver up immediately the records of Jill Cohen to the person serving the subpoena. In this manner Pelagatti was able to obtain copies of Jill Cohen's private and confidential educational records. It was this practice by Pelagatti and his clients, inter alia, which the trial court enjoined.[1]

1. The trial court's order provided as follows:
    AND NOW, this 16th day of September, 1983, upon consideration of plaintiff's Motion for Preliminary Injunction, Complaint in Equity, and after hearings held thereon, it is hereby ORDERED and DE-CREED that defendants Gustine Pelagatti, NABCOR and Frank Maiorana be and they are hereby enjoined and restrained until final hearing and thereafter until further Order of this Court from:
    (1) issuing subpoenas under the *NABCOR* caption to acquire documents concerning plaintiff, Jill R. Cohen;
    (2) reviewing any documents which have been produced pursuant to subpoenas previously issued under the *NABCOR* caption;
    (3) disseminating any information contained in such documents; and

632

■■ "The essence of a subpoena's function is to aid the court in the resolution of litigation, so if there is no formal proceeding pending before the court there can be no legitimate reason to issue a subpoena." *Commonwealth v. Polak*, 438 Pa. 67, 69, 263 A.2d 354, 356 (1970). In the absence of statute granting the subpoena power to nonjudicial bodies or officials, the power to issue subpoenas is limited to the judiciary. *Commonwealth ex rel. Margiotti v. Orsini*, 368 Pa. 259, 263, 81 A.2d 891, 893 (1951); *In re January, 1974 Special Grand Jury*, 238 Pa.Super. 479, 483 n. 4, 357 A.2d 628, 631 n. 4 (1976). The power to issue subpoenas has not been vested in an attorney. See: *Commonwealth v. Fallings*, 251 Pa.Super. 365, 370, 380 A.2d 822, 825 (1977). See also: *Commonwealth ex rel. Margiotti v. Orsini, supra.*

■ In the instant case, the NABCOR trial had been completed, and the post-trial motions which had been filed raised only matters of record. The trial court had no need of Jill Cohen's testimony to decide those issues. Cf. *Reilly v. SEPTA*, 507 Pa. 204, 489 A.2d 1291 (1985). Moreover and in any event, the court did not issue a subpoena for her appearance. On the contrary, the subpoenas had been obtained and were served solely to assist counsel's investigation as he sought to uncover information for his or his clients' future use. This was improper.

■ Pelagatti argues that he had a right to use the subpoena for purposes of discovery. In using the subpoena to compel the production of documents, he used it as a subpoena duces tecum. The object of a subpoena duces tecum, however, "is the production of evidence to be used ... before the court. It is not the object of the [subpoena duces tecum] to require the production of books and papers merely for the party's inspection, and the subpoena is not to

(4) otherwise invading or intruding upon plaintiff's privacy.

Plaintiff shall furnish a bond in the sum of $1,000.00, with sufficient surety, conditioned on its paying to defendants all costs and damages which may accrue to defendants by reason of the issuance of said preliminary injunction, in the event that it shall be adjudged that said preliminary injunction was wrongfully issued.

be used as a bill of discovery [or] for a mere 'fishing' expedition." 81 Am.Jur.2d *Witnesses* § 14 (1976). See also: *American Car & Foundry Co. v. Alexandria Water Co.*, 221 Pa. 529, 70 A. 867 (1908).

■ Appellant's reliance upon Pa.R.C.P. 4009(a)(1) is misplaced. This rule authorizes a *party* to litigation to serve upon another *party* a request for the production of documents. It has no application to nonparties. Subsection (c) thereof suggests that where production of documents is sought from a person not a party, an independent action against that party is necessary. Appellants did not follow the procedure suggested by Pa.R.C.P. 4009(c). They attempted, rather, to obtain production of Jill Cohen's records ex parte and without prior notice. They used deceptive subpoenas to gain access to Cohen's confidential records even though neither she nor the custodians of her records were parties to the NABCOR action or any other action in which appellants had a direct interest.

Our holding that appellants misused the subpoena process finds support in, but is not controlled by, the Civil Procedural Rules Committee's proposed Rule 234.1 which, if adopted by the Supreme Court, will provide as follows:

**Rule 234.1. Subpoena**

(a) A subpoena is an order of the court commanding a person to attend and testify at a particular time and place. It may also require the person to produce documents or things which are under the possession, custody or control of that person.

(b) A subpoena may be used to command a person to attend and to produce documents or things *only* at

(1) a trial or hearing in an action or proceeding pending in the court, or

(2) the taking of a deposition in an action or proceeding pending in the court.

(c) *A subpoena may not be used to compel a person to appear or to produce documents or things ex parte*

*before an attorney, a party or a representative of the party.*

Pennsylvania Proposed Amendments to Civil Procedural Rules, 487 A.2d XXXVI (Adv.Rep. March 15, 1985) (emphasis added).

■■■ Appellants argue that an injunction was an inappropriate remedy. They contend that an adequate remedy existed under the provisions of Pa.R.C.P. 4012, which establishes procedure by which protective orders may be issued by a court upon motion. A protective order under this rule is available, however, only in limited circumstances. The rule has application to and is available in discovery proceedings. It permits a party or person from whom discovery or a deposition is sought to seek an order protecting such party or person "from unreasonable annoyance, embarrassment, oppression, burden or expense...." Rule 4012, by its terms, has no application to subpoenas issued ex parte to obtain copies of records from third persons who are not parties to and not essential witnesses in pending litigation. Although we are not prepared to hold that a protective order under circumstances similar to those in the present matter would be improper, we have no hesitancy in concluding that the procedure established by R.C.P. 4012 provided an inadequate remedy in this case. Without notice to anyone, appellants abused the subpoena process by issuing subpoenas which had been altered in form and which deceptively misrepresented an order of the court to compel delivery of Cohen's records to appellants' agent and process server. It is readily apparent, in view of the irregular practice adopted by appellants, that a protective order, available only after the person served had been identified and Cohen's confidential records already violated, was an inadequate remedy. Appellants' conduct was such that the only adequate remedy was a court order enjoining appellants' dissemination of information obtained and also the future issuance of improper subpoenas.

■■ The granting of equitable relief, it·has been said, "depends not so much on the want of a common-law reme-

dy, as upon its inadequacy and its exercise is a matter which often rests within the discretion of the court; in other words the court may take upon itself to say whether the common-law remedy is, under all the circumstances and in view of the conduct of the parties, sufficient for the purpose of complete justice...." *Penn Iron Co., Ltd. v. City of Lancaster*, 25 Pa.Super. 478, 483 (1904). In the instant case, the learned trial court did not err when it concluded that a preliminary injunction was appropriate to maintain the status quo until the action could be litigated and finally determined.

There were reasonable grounds for the trial court to believe that Cohen would suffer irreparable harm if appellants were to continue unfettered their abuse of the subpoena process to invade Cohen's privacy by obtaining and exploring confidential files and records from persons who were the lawful custodians thereof. Cohen had a legitimate interest in maintaining the privacy of her educational and other records. See: Family Educational and Privacy Act, 20 U.S.C.A. § 1232g (b) and (d). The trial court did not err when it issued an injunction to protect and preserve her privacy rights against the improper practices adopted by appellants.

Order affirmed.