101 Pa. Commonwealth Ct. 431 (1986)
516 A.2d 827
Bloomingdale's By Mail, Ltd., Petitioner
v.
Commonwealth of Pennsylvania, Department of Revenue, and James I. Scheiner, in his capacity as Secretary of Revenue, Commonwealth of Pennsylvania, Department of Revenue, Respondents.
No. 2345 C.D. 1985.
Commonwealth Court of Pennsylvania.
Argued September 10, 1986.
October 22, 1986.
Argued September 10, 1986, before Judges CRAIG, MacPHAIL, DOYLE, BARRY, COLINS and PALLADINO.
*432 Maryann B. Gall, Jones, Day, Reavis & Pogue, with her, Peter J. Boyer, Blank, Rome, Comisky & McCauley, Of Counsel: Samuel E. Dyer and Michael J. Rosner, for petitioner.
George T. Bell, Chief Counsel, with him, Arthur F. McNulty, Associate Counsel, for respondents.
OPINION BY JUDGE DOYLE, October 22, 1986:
Presently before us is a motion for partial summary judgment in which the Department of Revenue (Department) seeks a determination as to whether it can compel Bloomingdale's By Mail, Ltd. (BBM) to provide the Department with mail order transactional sales data concerning BBM's Pennsylvania customers who have purchased items subject to the Pennsylvania use tax and allow the Department to examine BBM's books and records to ascertain taxable sales made to Pennsylvania residents. Also before us is a motion to quash the Department's administrative writs with which it seeks to obtain this data.
At the core of this dispute is the Department's attempt to establish that BBM is "maintaining a place of business" in Pennsylvania pursuant to Section 237(b) of the Tax Reform Code of 1971, (Code) Act of March 4, 1971, P.L. 6, as amended, 72 P.S. §7237(b). If, in fact, BBM is "maintaining a place of business" within the Commonwealth as that term is defined in Section 201(b) of the Code, 72 P.S. §7201(b), BBM must collect and remit Pennsylvania use taxes pursuant to Section 237.
*433 In its present posture we have only the pleadings submitted by the parties and the attendant affidavits. This case began when BBM filed an original action in this Court seeking a declaratory judgment that BBM is not obligated to provide its transactional sales data to the Department nor to serve as the Department's collection agent. The Department filed an answer and new matter wherein it sought a declaration that the Pennsylvania use tax collection obligation as applied to BBM was not unconstitutional; that BBM is maintaining a place of business in Pennsylvania and is obligated to collect and remit said tax and that BBM must provide its transactional sales data to the Department in response to the Department's administrative writs subpoenaing such information. BBM filed a reply.
The Department has moved for partial summary judgment in this matter only on count 4 of its action; this count relates to the Department's attempts to compel BBM, via the use of its administrative writs, to release its transactional sales data to the Department. In an attempt to gain this information the Department on April 4, 1986 served its writs in Virginia and Ohio seeking to compel the presence of individuals allegedly associated with BBM and further seeking production of BBM's transactional sales data. BBM has moved to quash the writs contending that the Department lacked jurisdiction to compel the presence of witnesses and the production of documents which are outside the Commonwealth. The Department has moved for summary judgment on the issue of its right to acquire the data. In the present posture of this case there have been no hearings on whether BBM is maintaining a business within the Commonwealth nor have there been any stipulated facts from which such a determination could *434 be made.[1] Hence, our task with respect to the motions now before us is to determine only whether the Department had the authority to compel attendance of out of state witnesses and the production of out of state documents. We have already answered this question in the negative in L.L. Bean, Inc. v. Department of Revenue, 101 Pa. Commonwealth Ct. 435, 516 A.2d 820 (1986) wherein we held that the Department's subpoena power under Section 272 of the Code is limited by the language appearing in Section 1602 of The Fiscal Code, Act of April 9, 1929, P.L. 343, as amended, 72 P.S. § 1602. Section 1602, as was recognized in L.L. Bean, permits the Department to utilize its subpoena powers only within the borders of the Commonwealth.
As our state supreme court observed in Commonwealth ex rel. Margiotti v. Orsini, 368 Pa. 259, 263, 81 A.2d 891, 893 (1951):
The law is well settled that the power of subpoena which formerly was exclusively a judicial power, may now be granted to non-judicial bodies, commissions, agencies or officials by statute, but the power and the extent of the power is to be determined in each case by the express statutory grant.

(Emphasis in original). Moreover it must be kept in mind that agencies are creatures of statute and cannot exercise powers not explicitly given them by the legislature. Department of Environmental Resources v. Butler *435 County Mushroom Farm, 499 Pa. 509, 454 A.2d 1 (1982). Thus, the Department is bound by the restrictions in Section 1602 of The Fiscal Code.
A motion for summary judgment may be granted only when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. 1412 Spruce Inc. v. Pennsylvania Liquor Control Board, 70 Pa. Commonwealth Ct. 501, 453 A.2d 382 (1982), affirmed, 504 Pa. 394, 474 A.2d 280 (1984). Having held that as a matter of law the Department's subpoena power does not extend beyond the borders of the Commonwealth, L.L. Bean, the Department's motion for summary judgment must be denied and the writs quashed.

ORDER
NOW, October 22, 1986, the Department's motion for summary judgment is denied and the writs issued by the Department are hereby quashed.
President Judge CRUMLISH did not participate in the decision in this case.
NOTES
[1] The pertinent facts which are relevant to a determination as to whether BBM is maintaining a place of business in Pennsylvania, are vigorously contested in the pleadings. Hence, we will not even attempt to recite the myriad contradictory allegations pertaining to this issue. Cf. L.L. Bean, Inc. v. Department of Revenue, 101 Pa. Commonwealth Ct. 435, 516 A.2d 820 (1986).