## Grossinger v. Frank Martz Coach Company

*Michael J. Foley,* for plaintiff.
*Timothy E. Foley,* for defendant.

HARHUT, *J.,* December 27, 1988 — This matter is before the court on plaintiff's motion to quash a subpoena duces tecum.

Plaintiff filed a complaint on June 23, 1986 in the Court of Common Pleas of Lackawanna County. Defendant filed an answer and new matter on August 28, 1986. Both parties exchanged normal discovery requests in the form of interrogatories and requests for the production of documents.

On September 14, 1988, defendant subpoenaed plaintiff's medical records from treating physician, J. Bruce Ruppenthal, M.D. The subpoena duces tecum directed Dr. Ruppenthal to appear at the office of Attorney Thomas Comerford on September 22, 1988 to testify on behalf of defendant. In addition, the subpoena directed Dr. Ruppenthal to bring with him various records and reports pertaining to plaintiff. In a letter accompanying the subpoena, Attorney Comerford advised Dr. Ruppenthal that it would not be necessary to appear at his office if he received the records prior to the appearance date. Defendant sent no notice of the subpoena duces tecum to plaintiff's counsel. Plaintiff argues that defendant abused the use of the subpoena served upon Dr. Ruppenthal, and all information obtained pursuant to this subpoena should, therefore, be quashed.

Rule 234 of the Pennsylvania Rules of Civil Procedure provides that a subpoena to testify or for the production of documents or things must be in

the form provided for a subpoena. Under the Depositions and Discovery section of the Pennsylvania Rules of Civil Procedure, rule 4018 deals with subpoenas. The rule provides that a party or a person before whom the depositions will be taken may request the court of common pleas to issue a subpoena. The rule clearly refers to the subpoena in conjunction with a deposition. It does not confer the right to use a subpoena at any time as an additional tool of discovery.

Defendant argues that it merely subpoenaed Dr. Ruppenthal in order for him to produce his records and never intended to depose him. Defendant's brief admits that the procedure for such a production is not governed by the Rules of Civil Procedure or any other rule of law in Pennsylvania, and is, therefore, permissible. In addition, defendant argues that the fact that no Pennsylvania Rule of Civil Procedure governs the use of a subpoena for a "records deposition" is evidenced by a proposed rule 234.1(c) on ex parte subpoenas which has not yet been adopted by the Supreme Court.

The Pennsylvania Rules of Civil Procedure set forth discovery tools available to parties in a lawsuit. The rules do not provide for a so-called "records deposition." If the deposition is set up to orally examine someone who is not a party, a subpoena duces tecum may be issued requiring that person to produce designated materials at the deposition. Pa.R.C.P. 4007.1(d). The rule provides that the documents are to be produced in connection with an oral deposition. There is no provision which allows counsel to advise that if the records are sent before the deposition date, then the oral deposition can be disregarded. A deposition requires one party to ask oral questions of the other party or of a witness for the other party.

Without an oral examination, a request to provide records is a request for the production of documents, not a deposition. By disregarding the deposition, the subpoena is actually being used as a request for the production of documents which is governed by Pa.R.C.P. 4009. This rule authorizes a party to litigation to serve upon another party a request for the production of documents. It has no application to non-parties. If the request is directed to a non-party, subsection (c) requires an independent action in equity for production of documents, which models the Federal Rules of Civil Procedure. This is the procedure defendant should have used, not a so-called "records deposition."

The Superior Court has even noted that a subpoena is not to be used as a bill of discovery. In *Cohen v. Pelagotti,* 342 Pa. Super. 626, 493 A.2d 767 (1985), defendant sought plaintiff's scholastic records and caused a subpoena to be issued ex parte to various educational institutions which plaintiff had attended. The subpoenas were issued under the caption of a previous action and defendant removed language directing the person served to appear in court for the purpose of testifying. Instead, defendant inserted language instructing the person served to deliver up the records immediately. The court believed that the subpoenas were served solely to assist counsel's investigation in search of information for his client's future use, and held that defendant misused the subpoena process.

The court noted that the subpoenas as issued had been used as subpoenas duces tecum. The court noted further that the object of a subpoena duces tecum is the production of evidence to be used before the court and it is not the object of such a subpoena to require the production of books and papers merely for a party's inspection.

It is our opinion that a subpoena duces tecum can only be used to produce evidence in conjunction with a court proceeding such as a deposition or trial. It cannot be used as a method to request the production of documents from a non-party. Pa.R.C.P. 4009(c) provides the sole method to secure documents from a non-party.

## ORDER

Now, December 27, 1988, it is hereby ordered that a subpoena duces tecum can only be used to produce evidence in conjunction with a court proceeding such as a deposition or trial. It cannot be used as a method to request the production of documents from a non-party. Since counsel for plaintiff in this case has admitted that the materials delivered to defendant do not prejudice his case, no sanctions will be imposed.