**In re Ieraci**

90

C.P. of Allegheny County, no. GD98-8445.

*David J. Watson,* for petitioner.
*Tyler J. Smith,* for respondent.

WETTICK, *J.,* September 15, 1998—These proceedings at GD98-8445 were commenced by a May 20, 1998 filing of a petition for issuance of a subpoena. The petition contained the following allegations: Petitioner was injured during the scope and course of his employment as an ironworker with American Bridge Company. Counsel for petitioner is investigating potential third-party civil actions. In order to properly investigate petitioner's claims, it is necessary for petitioner's counsel to inspect the job file generated by or in the possession of American Bridge Company, including accident reports, witness statements, photographs, contract documents, correspondence, minutes of safety meetings, and any other materials relevant to the circumstances surrounding petitioner's injury. American Bridge Company has refused petitioner's request to inspect these materials and petitioner's counsel is severely prejudiced by denial of access to the requested materials.

On May 21, 1998, petitioner obtained a court order from another judge of this court authorizing petitioner's

counsel to serve a subpoena on the custodian of records of American Bridge Company requesting production and/or inspection of the documents described in the petition. This order of court was obtained ex parte. Shortly thereafter, petitioner's counsel obtained from the prothonotary, pursuant to Pa.R.C.P. 234.2, a subpoena to attend and testify in the form prescribed by Rule 234.6. The subpoena, which ordered the custodian of records of American Bridge to attend a June 30, 1998 deposition and to bring the documents described in the petition for issuance of a subpoena, was served pursuant to Rule 234.2(b).

American Bridge has filed a motion to quash the subpoena that is the subject of this opinion and order of court. It is the position of American Bridge Company that the subpoena must be quashed as a matter of law because a subpoena cannot be obtained unless an action or other proceeding is pending before the court.

Petitioner contends that he commenced an action or proceeding at GD98-8445 through the filing of the petition for issuance of a subpoena. Consequently, he was entitled to use a subpoena commanding the custodian of records of American Bridge Company to produce records at a deposition pursuant to the Rules of Civil Procedure governing depositions and discovery (Pa.R.C.P. 4001 et seq.). Petitioner cites Rule 4001 which provides that the rules of this chapter apply "to any civil action or proceeding at law or in equity" and Rule 234.1(b)(2) which permits a subpoena to be used to command a person to produce documents or things at the taking of a deposition "in an action or proceeding pending in the court."[1]

---

1. This opinion considers only petitioner's contention that the discovery which he seeks is permitted under the Rules of Civil Procedure.

The difficulty with petitioner's position is that a civil action or proceeding at law or in equity cannot be commenced through the filing of a petition for issuance of a subpoena. An action at law or in equity may be commenced only by filing with the prothonotary a praecipe for a writ of summons or a complaint. Pa.R.C.P. 1007, 1501.

Under the Pennsylvania Rules of Civil Procedures, discovery is not permitted until an action at law or in equity has been properly commenced. In *Cole v. Wells,* 406 Pa. 81, 177 A.2d 77 (1962), a common pleas court dismissed an action in equity seeking discovery from the executor of a decedent's estate of the facts and circumstances having to do with the execution of a will offered for probate. The discovery was sought to garner information for a will contest. The Pennsylvania Supreme Court affirmed the dismissal of the complaint, stating that "discovery must not be allowed unless it is sought as a proceeding ancillary to a pending action and in the appropriate forum." *Id.* at 91, 177 A.2d at 82.

In response to the plaintiff's contention that he was entitled to obtain discovery through the commencement of an equity action upon a showing of a need for this information, the Supreme Court stated:

"To a suitor seeking discovery two methods are open: either under the Act of 1836, as extended, or under Rules 4001 et seq. of Pa.R.C.P. It is far from clear on this record which method appellant has chosen. . . . It is clear beyond doubt that the equitable power of a court of common pleas should not be exercised, under the Act of 1836, *supra,* in aid of discovery unless there is an action brought and pending. Absent such action

brought and pending, discovery cannot be had. Pa.R.C.P. 4001(a) also makes evident that depositions can be taken only in connection with a pending action: 'The rules of this chapter apply to any civil action or proceeding at law or in equity *brought* in or appealed to any court which is subject to these rules.' (Emphasis supplied.)" *Id.* at 87-88, 77 A.2d at 79-80. (footnote and citations omitted)

Also see, *Commonwealth v. Polak,* 438 Pa. 67, 69, 263 A.2d 354, 356 (1970) ("The essence of a subpoena's function is to aid the court in the resolution of litigation, so if there is no formal proceeding pending before the court there can be no legitimate reason to issue a subpoena."); *Commonwealth v. McEnany,* 446 Pa. Super. 609, 620, 667 A.2d 1143, 1149 (1995) (citations omitted) ("Appellant correctly observes that a 'prerequisite to the issuance of a subpoena [is] that there be some pre-existing matter or cause pending before the court'"); and *Cohen v. Pelagatti,* 342 Pa. Super. 626, 632-33, 493 A.2d 767, 770 (1985) ("if there is no formal proceeding pending before the court[,] there can be no legitimate reason to issue a subpoena . . .[; t]he object of a subpoena . . . is the production of evidence to be used . . . before the court[—i]t is not the object of [a subpoena] to require the production of books and papers . . . as a bill of discovery . . . ."). Also see, 6 Standard Pa. Practice 2d §34.6 at 337 (1994) (footnotes omitted) ("The discovery rules do not permit discovery in aid of contemplated litigation; there is no pre-action discovery.").

For these reasons, I enter the following order of court quashing the subpoena served on American Bridge Company to produce records at a deposition pursuant to Pa.R.C.P. 4007.1:

## ORDER

On September 15, 1998, it is hereby ordered that the subpoena served upon American Bridge Company to attend and testify is quashed.